IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEEE
EASTERN DIVISION

**REBEKAH JONES**
    **Plaintiff,**

v.                                    **Case No.: _____**
                                      **JURY DEMANDED**

**REGIS CORPORATION,**
**REGIS CORP., and SMART STYLE**
    **Defendants.**

## COMPLAINT FOR DAMAGES

Now in the Court through undersigned counsel, comes Plaintiff who for her complaint and causes of action against defendants avers as follows:

## PARTIES

1. At all times pertinent hereto, Plaintiff, Rebekah Jones ("Plaintiff" or "Jones") is/and was an adult resident of Cedar Grove, Carroll County, Tennessee.

2. At all times pertinent hereto, Defendant, Regis Corporation is/was a Minnesota Corporation, and having its principal place of business and residence at 7201 Metro Boulevard, Minneapolis, Minnesota, but licensed to do and registered to do and doing business in Tennessee, including within the jurisdictional boundaries of this Court. **Regis Corporation may be served with process through its registered agent: NATIONAL REGISTERED AGENTS, INC., STE 305, 2300 HILLSBORO RD, NASHVILLE, TN 37212-4927.**

1

3. At all times pertinent hereto, Defendant, Regis Corp. is/was a Minnesota Corporation, and having its principal place of business and residence at 7201 Metro Boulevard, Minneapolis, Minnesota, and licensed to do and registered to do and doing business in Tennessee, including within the jurisdictional boundaries of this Court. **Regis Corp. may be served with process through its registered agent: NATIONAL REGISTERED AGENTS, INC., STE 305, 2300 HILLSBORO RD, NASHVILLE, TN 37212-4927.**

4. At all times pertinent hereto, Defendant, Smart Style was a subsidiary, affiliate, or related company to Regis Corporation and/or Regis Corp. and/or was an assumed name under which these defendants engaged in business, and is/was itself, or as a d/b/a to Regis Corporation and/or Regis Corp., a Minnesota Corporation, and having its principal place of business and residence at 7201 Metro Boulevard, Minneapolis, Minnesota, but licensed to do and registered to do and doing business in Tennessee, including within the jurisdictional boundaries of this Court. **Smart Style may be served with process through its registered agent: NATIONAL REGISTERED AGENTS, INC., STE 305, 2300 HILLSBORO RD, NASHVILLE, TN 37212-4927.**

## JURISDICTION

5. Jurisdiction is proper in this matter pursuant to 28 U.S.C. 1332, as plaintiff is a Tennessee resident and citizen, and all defendants are foreign corporations or entities, upon information and belief, being residents and citizens of, and with their principle places of business in Minnesota; the amount in controversy in this matter exceeds $75,000.00.

6. The jurisdiction of this Court is also predicated on 28 U.S.C. §§ 1331, and 1343 and the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a).

## VENUE

7. Venue is proper in this matter pursuant to 28 U.S.C. 1391, as a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this judicial district, and/or one or more of the defendants reside within this district as being subject to this Court's personal jurisdiction within the meaning of 28 U.S.C. 1391.

## ALLEGATIONS AGAINST THE PARTIES

8. Plaintiff's employment with Defendant(s) was terminated on June 12, 2011. Upon information and belief, at the time, plaintiff was employed by Defendant Regis Corporation, but in the alternative, plaintiff was employed by Regis Corp. and/or Smart Style and/or Regis Corporation. Her position at that time with the company was "area supervisor" over several salons, primarily located within this Court's District.

9. Plaintiff first began working for Defendant(s) in approximately December 2002 and was formerly terminated effective June 12, 2011 as a result of circumstances constituting constructive discharge.

10. As a routine responsibility of Plaintiff's employment duties, she essentially worked from her home and while traveling to and from various salon locations of the defendant(s). Plaintiff's duties included overseeing and supervising certain elements of the operations of such salons.

11. Plaintiff's duties included routine visits to each of the salons to check the quality of the salon and their employees, addressing concerns of the salon managers and employees as well as the business concerns of defendant(s) in such salons; she was often required to

work in excess of 40 hours per week, including work of a non-managerial and non-supervisory role.

12. Often, plaintiff was requested by one or more of her superiors to perform salon services for customers of various salons, including providing cosmetology services to such customers. Plaintiff was at all pertinent times hereto a cosmetologist duly licensed and authorized to perform cosmetology work by the State of Tennessee.

13. Upon information and belief, all salons which plaintiff oversaw were located in Tennessee, but at sometime in early March 2011, plaintiff was ordered by her supervisor, Ms. Bertha Johnson ("Johnson"), and other superiors, to undertake overseeing one or more salons in the State of Mississippi, and/or to perform work within the State of Mississippi which would be in violation of Mississippi laws and regulations governing provision of cosmetology services, and/or in violation of the laws and regulations of Tennessee and the conditions of her licensure in Tennessee.

14. When plaintiff began complaining to her superiors employed by defendant(s), and complaining to Johnson about the Mississippi assignments, rather than properly and lawfully addressing plaintiff's concerns, she was assigned five additional stores to monitor, notwithstanding that she had previously been assigned to ten stores. This additional responsibility was imposed upon plaintiff in part, or substantially because, plaintiff had complained about being asked to engage in illegal activity by practicing cosmetology in Mississippi without a proper license there.

15. Plaintiff was led to reasonably believe, and she justifiably believed, that she was under an express or implied employment contract with defendant(s) and that she was assured continued employment if she properly complied with company policies and directives.

16. Plaintiff's immediate supervisor, Ms. Johnson, and/or other superiors, also created an extremely hostile work environment by subjecting plaintiff to repeated criticism and intolerable working conditions for refusing to violate company policies and the laws and regulations of the States of Tennessee and Mississippi.

17. Defendant(s) were in violation of law and regulations by forcing, and/or attempting to force plaintiff to engage in illegal activity, including the practice of cosmetology in jurisdictions in which plaintiff was not licensed to do so.

18. Defendant(s) was also in violation of its/their own policies and procedures as applicable to plaintiff, and also requested plaintiff to violate such policies and procedures.

19. On one or more occasions leading up to the time of her termination, Plaintiff made complaints to her supervisors and superiors of violations of the laws, rules and procedures, and additionally began making certain requests to her supervisor(s) to stop asking her to engage in such violations.

20. On one or more of the aforementioned occasions of being ordered to perform work under conditions that were non-compliant with Local, State and/or Federal regulations and law, Plaintiff complained to her supervisors.

21. While employed by defendant(s), Plaintiff faithfully and properly performed her duties in accordance with the employer's instructions.

22. Plaintiff's work history with Defendant was exemplary and with zero, or an insignificant history of legitimate complaints about her work practices, attendance or otherwise, and in fact, plaintiff received excellent performance appraisals.

23. The reasons for the hereindescribed adverse employment actions against Plaintiff were pre-textual in nature, including the actual reasons leading to the actual or constructive

termination of her employment, those being her complaints about and/or refusal to engage in work practices which were in violation of company mandated work practices or policies, and/or State and/or Federal laws and regulations.

24. Principals, supervisors, representatives and/or superiors of Defendant(s) were aware of, or should have been aware of, Plaintiff's complaints and the failure of the defendant(s) and its/their principals and employees to properly remedy such complaints, but refused to properly consider Plaintiff's concerns and took no appropriate corrective action.

## COUNT I:  VIOLATION OF TENN.CODE ANN. § 5-1-304, *ET. SEQ.* AND COMMON LAW RETALIATORY DISCHARGE

25. Plaintiff re-avers and incorporates into this Count of the Complaint, paragraphs 1-24 above as if set forth herein *in extensio.*

26. Plaintiff avers that Defendant terminated her employment in retaliation for reporting unlawful activities and/or refusal to participate in such unlawful activities and such termination was in violation of Tenn.Code Ann. § 50-1-304, *et. seq.*  (the "whistle blower" statute).

27. Plaintiff avers that Defendant discriminated against her and terminated her employment in retaliation and in violation of the aforedescribed laws, regulations and policies, by discharging or terminating Plaintiff for refusing to participate in, or for refusing to remain silent about, illegal, unlawful activities of Defendant.

28. Plaintiff has the common law tort of retaliatory discharge remedies available for the herein described acts and/or omissions of Defendant, its agents, servants or employees for his discharge for refusing to remain silent about illegal activities.  This common law tort remedy is cumulative to Plaintiff's remedies under T.C.A. 50-1-304.

29. As a direct and proximate result of the unlawful, illegal and improper employment practices referenced above, Plaintiff has sustained compensatory, general, special damages, including mental and emotional damages, lost income and damages to her reputation, and other damages described in section "Damages" below.

## COUNT II: VIOLATION OF FAIR LABOR STANDARDS ACT, 29 U.S.C.A. § 201 *ET. SEQ.*

30. Plaintiff re-avers and incorporates into this Count of the Complaint, paragraphs 1-29 above as if set forth herein *in extensio.*

31. Plaintiff is a member of the class of persons protected by the Fair Labor Standards Act, 29 U.S.C.A. § 201, et seq. and defendant is an employer governed by the obligations imposed by the Fair Labor Standards Act and other Federal and State laws and regulations for the protection of workers.

32. During her employment by defendant(s), plaintiff was denied certain overtime pay to which she was entitled.

33. During her employment by defendant, plaintiff was required to work excessive hours without proper rest breaks to which she was entitled.

34. As a direct and proximate result of the aforementioned unlawful conduct of defendant, plaintiff sustained one or more of the elements of damages set forth in the subsection entitled "damages" below.

## COUNT III: DEFENDANT(S)' VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE TENNESSEE HUMAN RIGHTS ACT, T.C.A. § 4-21-101, et seq.

35. Plaintiff re-avers and incorporates into this Count of the Complaint, paragraphs 1-34 above as if set forth herein *in extensio.*

36. The above described instances of harassment, hostile work environment, retaliatory and/or wrongful discharge of plaintiff constitute unlawful acts and/or omissions under the Tennessee Human Rights Act, T.C.A. § 4-21-101, et seq. ("THRA").

37. Defendant(s) unlawfully questioned plaintiff about her intentions to have children, being suggestive of adverse employment action in event plaintiff had, or considered having children.

38. The work environment created by defendant(s) violated the THRA.

39. Defendant(s) engaged in conduct, or failed to prohibit conduct by their agents, representatives, or employees which was in clear violation of the public policies of the State of Tennessee.

40. As a direct and proximate result of the aforementioned unlawful conduct of defendant, plaintiff sustained one or more of the elements of damages set forth in the subsection entitled "damages" below.

### COUNT IV: DEFENDANT(S)' VIOLATION OF OTHER STATE AND FEDERAL LAWS AND REGULATIONS AGAINST PLAINTIFF

41. Plaintiff re-avers and incorporates into this Count of the Complaint, paragraphs 1-40 above as if set forth herein *in extensio*.

42. Defendant(s) are liable to plaintiff as a result of one or more additional causes of action that may be determined through discovery and investigation in this cause and/or proven at the trial of this cause.

43. As a direct and proximate result of the aforementioned unlawful conduct of defendant, plaintiff sustained one or more of the elements of damages set forth in the subsection entitled "damages" below.

### CAUSATION

44. One or more of the aforedescribed Counts and causes of action of unlawful acts or omissions of the defendant described above were the direct and proximate cause of the damages to Plaintiff set forth in the "Damages" subsection below.

45. One or more of the aforementioned acts or omissions of the defendant were in direct violation of an express or implied employment contract between Plaintiff and Defendant, resulting in damages to Plaintiff set forth in the "Damages" subsection below. .

## DAMAGES

46. One or more of the aforedescribed claims or causes of action for the unlawful acts or omissions by defendant entitle Plaintiff to an award of compensatory damages, general damages, special damages, mental and emotional distress, and other damages, including but not limited to loss of wages and income, back and front pay, overtime pay, employee benefits, such as retirement, health insurance and/or other benefits, punitive damages, prejudgment interest, and/or attorney's fees and costs of litigation, (both Court costs and discretionary costs),  and such other general relief to which she may be entitled, at law or in equity, and such other additional damages as may be shown at the trial of this matter.

47. Under appropriate conditions and requirements imposed upon Defendant(s), Defendant(s) should be ordered to reinstate the Plaintiff to her former position with a salary and increases and all benefits appertaining thereto.  In the alternative, if reinstatement is not feasible, Plaintiff should be awarded "front pay" to compensate her for the loss of salary in future, the value of fringe benefits, and other employee benefits and advancement opportunities lost as a result of Defendant's wrongful termination of her.

48. **Plaintiff demands trial by jury.**

WHEREFORE, after jury trial and due proceedings are had, Plaintiff prays that she be awarded judgment in an amount equal to or in excess of $500,000 for compensatory damages, general damages, special damages, damages for lost wages, overtime pay, "back pay", and the value of all employment benefits which she lost on the day of her termination, "front pay", employee benefits such as retirement, health insurance, and/or other benefits and for punitive and/or treble damages in the amount equal to or in excess of $1,500,000, to be awarded prejudgment interest, attorney's fees and costs of litigation, including discretionary costs, and such other general relief to which she may be entitled, at law or in equity, and such other additional damages, as may be shown at the trial of this matter, and/or such alternative amounts of damages as may be determined under law and equity by the court and jury in this matter.

        Respectfully submitted:

        MINTON & ASSOCIATES, P.C.


        By:  /s/ Gregory W. Minton, BPR# 015584
             Marc P. Murdaugh, BPR# 025984
             James E. Stephenson, BPR# 029413
             Attorneys for Plaintiff
             138 Carriage House Drive
             Jackson, TN 38305
             (731) 554-1529
             (731) 664-9051 – Facsimile


## COST BOND

I acknowledge myself surety for the costs of the above cause not to exceed $1000.00.

        MINTON & ASSOCIATES, P.C.
        By:  /s/ Gregory W. Minton, BPR# 015584