IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

REBEKAH JONES,

    Plaintiff,

v.                        No. 12-1136 B

REGIS CORPORATION, REGIS CORP.
and SMART STYLE,

    Defendants.

_____

ORDER DISMISSING COUNTS TWO THROUGH FOUR OF THE
COMPLAINT
_____

This lawsuit was initiated by the Plaintiff, Rebekah Jones, who is represented by counsel, on June 12, 2012, alleging common law retaliatory discharge and violation of the Tennessee Whistleblower Statute, Tennessee Code Annotated § 5-1-304, *et seq.*; the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.;* the Tennessee Human Rights Act, Tennessee Code Annotated § 4-21-101, *et seq.* and "other state and federal laws and regulations." (D.E. 1.) On August 2, 2012, the Defendants moved to dismiss the claims set forth in counts two through four of the complaint. (D.E. 8.) When no response was filed, the Court, on September 12, 2012, entered an order directing Plaintiff to show cause within eleven days why the claims should not be dismissed for failure to prosecute. (D.E. 10.) According to the docket, no response to the show cause order has been filed.

Rule 41 of the Federal Rules of Civil Procedure permits a district court to dismiss a claim "[i]f the plaintiff fails to prosecute[.]" Fed. R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Salt Lick Bancorp v. Fed. Deposit Ins. Corp., 187

F. App'x 428, 446 (6th Cir. 2006) (quoting Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999)) (internal quotation marks omitted).  In determining whether the sanction of dismissal is appropriate, district courts are instructed to consider four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the . . . party's conduct; (3) whether the . . . party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Wu v. T.W. Wang, Inc., 420 F.3d 641, 643 (6th Cir. 2005).

The first factor weighs in favor of dismissal where the court finds that the "defendant cannot be expected to defend an action[] that plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend [against the claim]." Pisarcik v. Prison Health Servs., No. 09-14835, 2010 WL 2796439, at *2 (E.D. Mich. June 18, 2010) (internal quotation marks omitted), *report & recommendation adopted by* 2010 WL 2772327 (E.D. Mich. July 13, 2010).  This factor supports dismissal of the claims at issue here.  The second factor also weighs on the side of the Defendants, as continued defense of a claim the plaintiff has chosen not to pursue results in prejudice.  *See* Whitehurst v. United Capital Mortg., No. 06-2685, 2007 WL 4208698, at *3 (W.D. Tenn. Nov. 26, 2007) (order adopting report & recommendation).  In its September 12, 2012 show cause order, the Court warned the Plaintiff that "failure to file a sufficient and timely response to this directive may result in dismissal of the claims which are the subject of the pending dispositive motion."  (D.E. 10 at 2.)  Finally, in light of Plaintiff's failure to respond to the motion to dismiss and to the show cause order, the Court sees no benefit in considering or imposing lesser sanctions.  *See* Akin-Olugbade v. Cnty. of Wayne, No. 11-15341, 2012 WL 2995487, at *2 (E.D. Mich. July 6, 2012) ("given plaintiff's repeated failure to file responses as ordered and failure to respond to the order to show cause, the undersigned sees no utility in considering or imposing lesser

sanctions"), *report & recommendation adopted by* 2012 WL 2995482 (E.D. Mich. July 23, 2012). Thus, the Court finds that none of the considerations militate in favor of the Plaintiff. Accordingly, counts two through four of the complaint are DISMISSED. The Clerk is DIRECTED to remove D.E. 8 from pending status.

    IT IS SO ORDERED this 28th day of September 2012.

                                        s/ J. DANIEL BREEN
                                        UNITED STATES DISTRICT JUDGE